UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY L. HOTZ, d/b/a CADD DESIGN CONCEPTS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:16-CV-00706 JAR ) |
| FIFTH THIRD BANK, | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Fifth Third Bank's Motion to Dismiss pursuant to Rule 9(b) and 12(b)(6). (Doc. No. 10) Plaintiff filed a response in opposition to the motion on July 18, 2016. (Doc. No. 14) Defendant did not file a reply. The motion is therefore fully briefed and ready for disposition.

**Background**

Plaintiff Gary L. Hotz, d/b/a CADD Design Concept ("Plaintiff") filed his Petition for Fraud and Fraudulent Misrepresentation (Complaint ("Compl."), Doc. No. 4) in state court seeking to recover damages from Defendant Fifth Third Bank ("Bank") based on a credit card Bank allegedly allowed Plaintiff's former business partner to open in Plaintiff's name for their jointly owned business, SJS, LLC ("SJS") or in SJS's name. The action was timely removed to this Court. (Doc. No. 1)

Plaintiff alleges that in mid-2012, his former business partner and manager of SJS, Steven Scaglione, applied for and obtained a credit card loan and credit card account "solely in the name of Gary L. Hotz for SJS" (Compl. at ¶ 7) "or in the name of SJS" (id. at ¶ 9). Plaintiff

1

"was not present or did not sign off" on the account, and only learned of the account after it was opened. (Id. at ¶¶ 7-9). Plaintiff further alleges Bank "made false and fraudulent misrepresentations to Plaintiff at or prior to the time of issuing the credit card" by "asserting that it was acquiring information for the purpose of opening a loan on behalf of SJS, LLC." (Id. at ¶ 11.B) In addition, Bank failed to "advise or represent to Plaintiff that Plaintiff would be a guarantor and would be liable on any account or credit card in the name of SJS" prior to opening the account. (Id.) Plaintiff alleges he suffered unspecified actual damages, as well as damage to his credit and reputation, in excess of $75,000.00 as a result of Bank's conduct.

Bank contends that Plaintiff has failed to satisfy the pleading requirements of Rule 9(b) and should be dismissed for failure to state a claim upon which relief may be granted. Although Bank frames its motion as a motion to dismiss, the Court construes it as a motion for more definite statement under Fed. R. Civ. P. 12(e).

**Legal standard**

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." When a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite under Rule 12(e) before responding." Love v. Career Educ. Corp., No. 4:11CV1585 JAR, 2012 WL 10614, at *1 (E.D. Mo. Jan. 3, 2012) (quoting McCoy v. St. Louis Pub. Schs, No. 4:11CV918 CDP, 2011 WL 4857931 (E.D. Mo. Oct. 13, 2011)). A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. Id. (citing Tinder v. Lewis County Nursing Home Dist., 207 F.Supp.2d 951, 959 (E.D. Mo. 2001)).

**Discussion**

Fed. R. Civ. P. 9(b) requires plaintiffs to "state with particularity the circumstances constituting fraud or mistake." To satisfy this requirement, the pleader must generally set forth the "who, what, when, where, and how of the misconduct charged." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) (internal quotation marks and quoted cases omitted). Although a plaintiff need not state each element of the fraud claim with particularity to satisfy this requirement, he "must state enough so that [his] pleadings are not merely conclusory." Roberts v. Francis, 128 F.3d 647, 651 (8th Cir. 1997).

The Court has carefully reviewed Plaintiff's complaint and concludes that he has not satisfied Rule 9(b)'s particularity requirements. Plaintiff does not allege any of the "who, what, when, where, and how" with particularity: (i) the who: Plaintiff refers generally to "Defendant Bank" (Compl. at ¶ 11.B) but fails to allege the identity of the person making the misrepresentation; (ii) the what: Plaintiff alleges that the Bank asserted it was acquiring information for the purpose of opening a loan on behalf of SJS, LLC (Compl. at ¶ 11.B), but fails to allege the contents of the false representations; (iii) the when: Plaintiff alleges the Bank "made false and fraudulent misrepresentations to Plaintiff at or prior to the time of issuing the credit card" (Compl. at ¶ 11.B), but does not identify the exact dates and times, or reasonably approximate dates, of the alleged misstatements; and (iv) the where and how: Plaintiff does not allege whether the alleged misrepresentations took place over the phone, at a branch, or perhaps in writing. "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy [Rule 9(b)]." Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002).

Accordingly, the Court will grant the Bank's motion for more definite statement and give Plaintiff twenty days to file an amended complaint to bring his fraud claims into conformity with the heightened pleading requirements of Rule 9(b).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Fifth Third Bank's Motion to Dismiss [10], construed as a motion for more definite statement, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted twenty (20) days, until **September 6, 2016**, to amend his petition for fraud and fraudulent misrepresentation in accordance with the foregoing.

Dated this 17th day of August, 2016.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**